### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

TAUNYA PERRY,

        Plaintiff,

vs.

DERIK DERWIN, et al.,

        Defendants.

Case No. 15-CV-95-CVE-FHM

## OPINION AND ORDER

Defendants' Durborow and Derwin's Motion for Sanctions Against Plaintiff's Counsel, [Dkt. 107], has been referred to the undersigned United States Magistrate Judge for decision. Defendants request that Plaintiff's attorney be admonished and required to pay Defendants' attorney fees for counsel's alleged "contempt and total disregard" of the requirements of Fed.R.Civ.P. 26(a)(1)(A)(i). [Dkt. 107, p. 7]. The matter has been fully briefed, [Dkt. 107, 119, 122], and is ripe for decision.

## Background

Plaintiff listed Summer Crowder as a witness pursuant to the Court's amended Scheduling Order and disclosed her testimony as: "Former 'dispatcher' at Ottawa County Jail. Policies, practices and customs of the Ottawa County Sheriff's Office." [Dkt. 107-1, p. 2]. Plaintiff also provided an address (which may have been incorrect) and a telephone number for Crowder.

Defendants did not file anything with the Court objecting to the sufficiency of the disclosure regarding Crowder or seeking additional time to depose her until after Plaintiff filed an affidavit by Crowder in opposition to Defendants' motion for summary judgment. At that point Defendants filed a motion to depose Crowder and enlarge the time to file their

reply in support of the motion for summary judgment, which were granted. Defendants also filed the instant motion for sanctions against Plaintiff's attorney for alleged violations of Rule 26(a)(1)(A)(i).

As relevant here, Rule 26(a)(1)(A)(i) provides that a party must disclose:

> the name and, if known, the address and phone number of each individual likely to have discoverable information–along with the subject of that information–that the disclosing party may use to support its claims or defenses unless the use would be solely for impeachment.

The rule uses the term "subject" of the discoverable information to describe what must be disclosed. The Advisory Committee Notes to the 1993 Amendment to Rule 26, subdivision (a), paragraph (1), subparagraph (A) state "[i]ndicating briefly the general topics on which such persons have information should not be burdensome, and will assist other parties in deciding which depositions will actually be needed."

Defendants contend the disclosure about Ms. Crowder's testimony is sanctionable because it did not put them on notice that Ms. Crowder might provide testimony about specific alleged acts of wrongdoing or misconduct in the jail or testimony about complaints Crowder made to the Sheriff in 2006. The Rule 26(a)(1)(A)(i) requirement to disclose the "subject" of the discoverable information or "indicate[] briefly the general topics" does not mandate the level of detail Defendants demand. Moreover, in the context of a §1983 action, the disclosure that a former employee is going to testify about policies, practices, and customs could alert the other parties that the witness may testify about similar acts of wrongdoing or misconduct and assist them in deciding if a deposition is needed.

In sum, the Rule 26(a)(1)(A)(i) requirement to provide the "subject" of the discoverable information is not precise. Courts may require different levels of detail in the

Rule 26 disclosures based on the needs of individual cases and Defendants would have had an arguable position that additional detail should be provided if they had filed a motion seeking a more detailed disclosure. But, Defendants' contention that Plaintiff's attorney should be sanctioned for "contempt and total disregard" of the requirements of Fed.R.Civ.P. 26(a)(1)(A)(i) is not supported by the law or the facts.

Defendants' Durborow and Derwin's Motion for Sanctions Against Plaintiff's Counsel, [Dkt. 107], is DENIED.

SO ORDERED this 2nd day of November, 2016.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE